IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-11157
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ERIC STANLEY HARRISON,
a/k/a Pablo & Peter,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. #:91-CV-1566-H
(3:91-CR-366-H)
- - - - - - - - - -
August 24, 1995


Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Eric Stanley Harrison's motion for reinstatement of his

appeal is GRANTED.  Harrison's motion to proceed in forma

pauperis (IFP) on appeal is DENIED, and the appeal is DISMISSED.

     This court may authorize Harrison to proceed IFP on appeal

if he is economically eligible and the appeal is not frivolous.

Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir.

---

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

1986). Harrison has demonstrated that he is economically eligible to proceed IFP on appeal.

Harrison argues that the district court violated Fed. R. Crim. P. 32 by failing to determine if Harrison and his counsel read and discussed the presentence report. A nonconstitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding. United States v. Shaid, 937 F.2d 228, 232 n.7 (5th Cir. 1991) (en banc), cert. denied, 502 U.S. 1076 (1992). An alleged violation of Rule 32 does not raise a constitutional claim cognizable under § 2255. See United States v. Weintraub, 871 F.2d 1257, 1265-66 (5th Cir. 1989). Further, Harrison could have raised the issue on direct appeal, but failed to do so. Harrison is not entitled to § 2255 relief based on the district court's alleged violation of Rule 32. This claim does not raise a nonfrivolous appellate issue.

Harrison argues for the first time on appeal that he was not considered for a U.S.S.G. § 5K1, p.s., departure at sentencing. This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). The disposition of this issue would require the resolution of factual questions and, thus, it is not subject to review on appeal. Because Harrison has not raised an issue of arguable merit, the appeal should be dismissed as frivolous. See

Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir.

Rule 42.2.

APPEAL RE-INSTATED; IFP DENIED; APPEAL DISMISSED.